**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL SISSON, ET AL.,** | ) | **CASE NO.1:12CV958** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **RADIOSHACK CORP.** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Radioshack Corporation's Motion to Dismiss (ECF # 15). For the following reasons, the Court grants, in part, Defendant's Motion.

**Background Facts**

Plaintiffs' First Amended Complaint alleges that Defendant violated the Fair Labor Standards Act ("FLSA") and similar state statutes in Ohio and New York by failing to pay store managers time and a half for overtime hours. Plaintiffs are Radioshack store managers who were paid according to Defendant's "Non-exempt Store Manager Compensation Plan" for "Non-California Stores." According to Plaintiffs, Radioshack compensates its store managers via the Fluctuating Work Week (FWW) method. While the FWW method of calculating overtime pay is permitted under the FLSA, Plaintiffs contend Defendants payment of quarterly and year end bonuses is not permitted under the FWW method because these bonus payments necessarily mean Plaintiffs were not paid a fixed weekly salary as required under the FWW. Plaintiffs contend that based on Department of Labor ("DOL") rules, this method of paying bonuses is not

1

compatible with the FWW method.

According to Defendant, under its FWW method, store managers are paid a fixed weekly salary regardless of hours worked. Store managers also receive overtime compensation at a rate of 50% of their regular weekly pay rate for hours worked over 40 hours in a given week and performance bonuses depending on the success of each individual store. Defendant argues the FWW method is expressly allowed under the Code of Federal Regulations and non-discretionary bonus payments do not negate its use.

## **LAW AND ANALYSIS**

**Standard of Review**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc.* v. *Treesh,* 487 F.3d 471,476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief.

*Id*. at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001).

**Overtime and the Fluctuating Work Week Method**

This case presents a straightforward legal question. May a company utilize the FWW method to calculate overtime pay rates while also paying employees non-discretionary quarterly and year end bonuses? To answer this question, the Court must first examine the FWW in light of the FLSA.

The Fair Labor Standards Act was implemented by Congress to ensure better working conditions for non-exempt workers. At 29 U.S.C § 202, Congress stated the purpose of the FLSA as follows:

Congressional finding and declaration of policy

> **(a)** The Congress finds that the existence, in industries engaged in commerce or in the production of goods for commerce, of labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers (1) causes commerce and the channels and instrumentalities of commerce to be used to spread and perpetuate such labor conditions among the workers of the several States; (2) burdens commerce and the free flow of goods in commerce; (3) constitutes an unfair method of competition in commerce; (4) leads to labor disputes burdening and obstructing commerce and the free flow of goods in commerce; and (5) interferes with the orderly and fair marketing of goods in commerce. That Congress further finds that the employment of persons in domestic service in households affects commerce.

>**(b)** It is declared to be the policy of this chapter, through the exercise by Congress of its power to regulate commerce among the several States and with foreign nations, to correct and as rapidly as practicable to eliminate the conditions above referred to in such industries without substantially curtailing employment or earning power.

As part of this comprehensive legislation to improve working conditions in the United States the FLSA contains a provision establishing the rate of overtime pay for non-exempt workers. That rate requires that employers pay workers a rate of one and one-half times their regular pay rate for any time worked above 40 hours in any given work week. This provision is established in 29 U.S.C. §207 wherein it reads:

>(a) Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent amendatory provisions
>
>**(1)** Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

There are a number of exceptions to this rule established in the Code of Federal Regulations. Specifically at issue in this case is 29 C.F.R. §778.114, the "Fluctuating Work Week." This method allows an employer to pay an employee who works a fluctuating, irregular work week a fixed weekly salary regardless of the hours worked whether they exceed or fall below 40 hours in a given work week. It further permits the employer to pay an employee a minimum rate of one-half his or her regular rate for overtime hours worked. The Regulation describes it as follows:

4

> (a) An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

§ 778.114 illustrates how such an overtime rate is calculated as follows:

> (b) The application of the principles above stated may be illustrated by the case of an employee whose hours of work do not customarily follow a regular schedule but vary from week to week, whose total weekly hours of work never exceed 50 hours in a workweek, and whose salary of $600 a week is paid with the understanding that it constitutes the employee's compensation, except for overtime premiums, for whatever hours are worked in the workweek. If during the course of 4 weeks this employee works 40, 37.5, 50, and 48 hours, the regular hourly rate of pay in each of these weeks is $15.00, $16.00, $12.00, and $12.50, respectively. Since the employee has already received straight-time compensation on a salary basis for all hours worked, only additional half-time pay is due. For the first week the employee is entitled to be paid $600; for the second week $600.00; for the third week $660 ($600 plus 10 hours at $6.00 or 40 hours at $12.00 plus 10 hours at $18.00); for the fourth week $650 ($600 plus 8 hours at $6.25, or 40 hours at $12.50 plus 8 hours at $18.75).

> The Regulation further establishes four conditions that must be met before an employer

may utilize the FWW method.

> (c) The "fluctuating workweek" method of overtime payment may not be used unless the salary is sufficiently large to assure that no workweek will be worked in which the employee's average hourly earnings from the salary fall below the minimum hourly wage rate applicable under the Act, and unless the employee clearly understands that the salary covers whatever hours the job may demand in a particular workweek and the employer pays the salary even though the workweek is one in which a full schedule of hours is not worked. Typically, such salaries are paid to employees who do not customarily work a regular schedule of hours and are in amounts agreed on by the parties as adequate straight-time compensation for long workweeks as well as short ones, under the circumstances of the employment as a whole. Where all the legal prerequisites for use of the "fluctuating workweek" method of overtime payment are present, the Act, in requiring that "not less than" the prescribed premium of 50 percent for overtime hours worked be paid, does not prohibit paying more. On the other hand, where all the facts indicate that an employee is being paid for his overtime hours at a rate no greater than that which he receives for nonovertime hours, compliance with the Act cannot be rested on any application of the fluctuating workweek overtime formula.
>
> To restate the above as elements the regulations requires:
>
> (1) the employee's hours must fluctuate from week to week;
> (2) the employee must receive a fixed salary that does not vary with the number of hours worked during the week (excluding overtime premiums);
> (3) the fixed amount must be sufficient to provide compensation every week at a regular rate that is at least equal to the minimum wage; and
> (4) the employer and employee must share a "clear mutual understanding" that the employer will pay that fixed salary regardless of the number of hours worked.

29 C.F.R. § 778.114(a), (c); *Mitchell v. Abercrombie & Fitch, Co.* 428 F.Supp.2d 725, 734 (S.D.Ohio, 2006)

The Sixth Circuit has determined that the FWW does not violate the FLSA so long as the elements are met. "Although the fluctuating work week method of overtime compensation results in lower earnings per hour as the number of hours per week increases, the Act permits its implementation." *Highlander v. K.F.C. Nat. Management Co.*, 805 F.2d 644, 647 (6th Cir. 1986).

According to Defendant, Plaintiff's First Amended Complaint ("FAC") alleges all the

6

above conditions have been met because it alleges: 1) Plaintiffs were paid the same base salary each week regardless of hours worked and received overtime pay at a rate of 50% their regular pay rate (FAC 20, 21-22, 24); 2) Plaintiffs do not allege they received less than minimum wage, their hours fluctuated each week or that they mutually agreed to the FWW method of pay. Therefore, Plaintiffs' only argument is that the performance bonuses paid quarterly or yearly violated the FWW method of payment because they result in a non-fixed weekly salary.

Defendant argues its method of paying bonuses does not violate the FWW method because the performance bonuses are not tied to hours worked but are instead tied to the performance of the individual stores. They are non-discretionary bonuses, therefore, payment of these bonuses does not implicate hours worked and does not deprive Plaintiffs of compensation due for hours worked nor does it run afoul of any of the elements established above. Defendant cites to a number of district and state law cases all holding, either directly or tangentially, that such performance bonuses do not violate the FWW regulation. Defendant acknowledges that some cases have held certain bonus payments may violate the FWW regulation but in all those cases the bonuses paid were related to hours worked or premiums paid for working nights or weekends.

Finally, Defendant contends Plaintiffs Ohio and New York state law claims are analogous to the FLSA claim and for the same reasons Plaintiffs state law claims must be dismissed.

Plaintiffs argue that a recent Final Ruling by the Department of Labor ("DOL") has determined that the payment of bonuses is not compatible with the FWW regulation. In a Final Ruling dated April 5, 2011, the DOL examined whether it should modify 29 CFR § 778.114 "to permit the payment of non-overtime bonuses and incentives without invalidating the guaranteed

salary criterion required for half-time overtime pay computation." The Department of Labor concluded that "while the Department continues to believe that the payment of bonuses and premium payments can be beneficial for employees in many other contexts, we have concluded that unless such payments are overtime premiums, they are incompatible with the fluctuating work week method of computing overtime under section 778.114." 76 FR 18832, *11 (April 5, 2011).

An examination of the Regulation itself does not lead to the conclusion that non-discretionary bonus payments mandate disuse of the FWW method. Plaintiffs' FAC alleges that Plaintiffs were paid "a base salary for all hours worked each workweek." (FAC ¶ 20).

The Regulation itself does not preclude non-discretionary bonus payments under the FWW. Thus, a plain reading of the regulation does not prohibit such compensation paid Plaintiffs by Defendant.

Defendant points to a number of cases that either expressly allowed or, at a minimum, did not disallow bonus payments, which were non-discretionary and were not tied to hours worked, when considering an employers use of the FWW method. These include *Inniss v. Tandy Corp.*, 141 P.3d 807, 815 (Wash 2007)(approving Radioshacks FWW method so long as bonuses were included in determining Plaintiffs regular rate of pay); *Perez v. Radioshack Corp.*, No. 2 CV 7884, 2005 WL 3750320, *5 (N.D. Ill Dec. 14, 2005) (holding that regular rate includes bonus payments and does not warrant negating the use of the FWW "so long as commissions and bonuses are paid each month as a matter of course, those amounts must be included in determining Subclass Plaintiffs' regular rates of pay"); *Lance v. Scotts Co.*, No. 04-5270, 2005 WL 1785315, *6 (N.D. Ill July 21, 2005)(holding that including commissions in the regular rate

of pay did not negate use of the FWW Method).  Defendant also cites the Court to the following cases:  *Brown v. Nipper Auto Parts and Supplies, Inc.*, 2009 WL 1437836, *6 n.6 (W.D. Va. 2009), *Kanatzer v. Dolgencorp, Inc.,* 2010 WL 2720788,*6-7 (E.D. Mo. 2010) *Daniels v. Michiana Metronet, Inc.*, 2010 WL 1781017, *7 (N.D. Ind. 2010), which determined bonus payments did not preclude using the FWW method.

      Plaintiffs do not cite any caselaw supporting its opposing conclusion that non-discretionary bonuses paid for store sales and not tied to hours worked invalidates the FWW method for computing overtime payments.  Instead, Plaintiffs rely solely on the DOL's April 5, 2011 Final Rule.  This Rule departs from the DOL's prior position, which held that the payment of bonuses and premiums did not invalidate the FWW method and was consistent with the United States Supreme Court decision in *Overnight Transportation Co. v. Missel*, 316 U.S. 572 (1942), which formed the basis of the regulation.  The Final Rule of April 5, 2011 presents an about-face on the issue.  While the Final Rule does not alter the language of §778.114 it alters the DOL's interpretation of its application to the FWW when bonus or premium payments are made.  Thus, the Court finds that the DOL now considers bonus and premium payments, with the exception of overtime premium payments, incompatible with the FWW method.

      Defendant argues that since the regulation language itself remains unaltered the case law supporting the conclusion that payment of  non-hourly related bonus payments are not incompatible with the FWW would remain in effect.  The Court disagrees since none of the cases cited by Defendant were issued after the DOL Final Rule.

      Defendant further contends that the bonus and premium payments at issue before the DOL were exactly those bonuses that are tied to hourly rates which have been determined to be

incompatible with the FWW method. Defendant argues that the DOL Final Rule does not apply to non-hourly related bonus payments like those paid by Defendant which are based on sales of individual stores. The Court disagrees, since the conclusion of the DOL is written in broad and expansive terms and carves out a single, limited exception for overtime premiums. Otherwise, the ruling simply states, " while the Department continues to believe that the payment of bonuses and premium payments can be beneficial for employees in many other contexts, we have concluded that unless such payments are overtime premiums, they are incompatible with the fluctuating work week method of computing overtime under section 778.114."

The Court further holds that the DOL Final Rule is entitled to deference under the standard set forth in See also *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–844, (1984).

> "The power of an administrative agency to administer a congressionally created ... program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress. (Internal citation omitted). If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute. Sometimes the legislative delegation to an agency on a particular question is implicit rather than explicit. In such a case, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency."

The Sixth Circuit has expressly stated "[w]hen faced with a problem of statutory construction, federal courts should show 'great deference to the interpretation given the statute by the officers or agency charged with its enforcement.'"*Herman v. Fabri-Centers of America, Inc.* 308 F.3d 580, 592 (6th Cir. 2002). It has further acknowledged that the DOL Wage and Hour

Division, which issued the Final Rule here, "was created to administer the (FLSA) Act." *Id.*

The Defendant does not argue that the Final Ruling is arbitrary, capricious or contrary to the statute, nor does the Court find it so. The plain language of the FLSA requires overtime payments equal one and one-half time an employees regular rate. The Final Rule is entirely consistent with the overtime requirement of the FLSA.

The DOL's position is entitled to deference given the DOL's conclusion after use of the notice and comment procedure. "Where an agency rule sets forth important individual rights and duties, where the agency focuses fully and directly upon the issue, where the agency uses full notice-and-comment procedures to promulgate a rule, where the resulting rule falls within the statutory grant of authority, and where the rule itself is reasonable, then a court ordinarily assumes that Congress intended it to defer to the agency's determination." *Long Island Care at Home, Ltd. v. Coke,* 551 U.S. 158, 173-174(U.S.,2007).

Finally, the DOL is charged with administering the FLSA. In its unique role as administrator and as evidenced by its discussion and consideration of the opposing viewpoints presented it in the Final Ruling, the DOL concluded that allowing bonuses to be used under the FWW method resulted in, or would potentially result in, abuse of the overtime compensation of workers to the workers detriment.

Therefore, the Court holds that the FWW method of calculating overtime used by Defendant is incompatible with bonus payments. However, since the DOL held otherwise prior to its Final Rule of April 5, 2011, Defendant is not liable for its use of the method prior to May 5, 2011 (the effective date of the Final Ruling). Therefore, Plaintiffs are not entitled to seek recovery for any alleged lost overtime prior to this date. As such, the Court finds Plaintiff

Matthew Dana's claims for lost overtime under the FLSA must be dismissed since the FAC states he was employed by Defendant from October 2007 through February 2011. Plaintiff Michael Sisson's claims would be limited from May 5, 2011 thru the end of his employment in October 2011.

Because the Court agrees with Defendant that Plaintiffs' state law claims under both Ohio and New York law follow the FLSA, those claims are similarly limited to the dates above.  See *Mitchell v. Abercrombie & Fitch, Co.* 428 F.Supp.2d 725, 732 (S.D. Ohio 2006)("Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA"); and *Anderson v. Ikon Office Solutions, Inc.* 38 A.D.3d 317, 318 (N.Y Sup. Ct. 2007). Therefore, Plaintiff Matthew Dana's state law claim is dismissed as well.

Therefore, for the foregoing reasons, the Court grants, in part, Defendant's Motion to Dismiss.

IT IS SO ORDERED.

                                              s/ Christopher A. Boyko
                                              CHRISTOPHER A. BOYKO
                                              United States District Judge

Dated:  March 11, 2013