UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SISSON and MATTHEW DANA, individually and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>RADIOSHACK CORPORATION,<br><br>Defendant. | Case No. 12-CV-00958-CAB<br><br>The Hon. Christopher A. Boyko<br><br>***DEFENDANT RADIOSHACK CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND STAY THIS ACTION PENDING APPELLATE REVIEW*** |

## I.     SUMMARY OF ARGUMENT

Defendant RadioShack Corporation ("RadioShack") seeks certification for interlocutory appeal under 28 U.S.C. section 1292(b) of this Court's March 11, 2013 Order granting in part and denying in party RadioShack's Motion to Dismiss (the "Order") (Doc No. 33). In the Order, the Court held that payment of performance-based bonuses in addition to a salary violates the Fluctuating Workweek Regulation as codified in 29 C.F.R. section 778.114 ("FWW").[1] The Court's opinion was based on its interpretation of a Department of Labor ("DOL") Final Rule issued on April 5, 2011. Interpretation of the Final Rule, and application of the Final Rule to the allegations in Plaintiffs' First Amended Complaint ("FAC"), are difficult legal questions that will ultimately need to be determined by the Sixth Circuit Court of Appeals. As the Court found, RadioShack's FWW compensation plan complied with the applicable regulations prior to issuance

---

[1] Subsequent statutory references are to Part 29 of the Code of Federal Regulations, unless otherwise indicated.

of the Final Rule. The Final Rule did not change the applicable regulation. Accordingly, the compensation plan in dispute is still compliant. To the extent the Final Rule offers an interpretation of the FWW regulation, it is not entitled to *Chevron*-style deference, and to the extent the Final Rule was an amendment of the regulation, it was made without proper notice-and-comment rulemaking and is invalid.

RadioShack seeks to certify the Order, and more specifically the question of whether paying performance-based bonuses is appropriate under the FWW regulation following the Final Rule, for immediate interlocutory appeal. Certification for interlocutory appeal is warranted at this time because, (1) this is a controlling legal issue, (2) substantial grounds exists for difference of opinion, and (3) its resolution would materially advance this litigation.

RadioShack also requests that this action be stayed pending appeal. RadioShack believes it will prevail on appeal, it will be irreparably harmed absent a stay, no other party will be harmed if the action is stayed, and the public interest weighs in favor of staying the action.

## II.  PROCEDURAL HISTORY

Plaintiffs filed the original Complaint on April 19, 2012 (Doc. No. 1), and their First Amended Complaint four days later on April 23 (Doc. No. 4). RadioShack filed a Motion to Dismiss pursuant to Rule 12(b)(6) on June 15, 2012. Doc. No. 15. Plaintiffs opposed RadioShack's Motion to Dismiss (Doc. No. 19), and filed a Motion for Conditional Certification (Doc. No. 20). At the Case Management Conference held on August 15, 2012, the Court tolled Plaintiffs' Motion for Conditional Certification, the opt-in period for putative class members, and the time period for RadioShack to respond to that motion, until it ruled on RadioShack's Motion to Dismiss.

On March 11, 2013, the Court issued its Order granting in part and denying in part RadioShack's Motion to Dismiss (Doc. No. 33). In the Order, the Court held that "the FWW method of calculating overtime used by [RadioShack] is incompatible with bonus payments," but found RadioShack was "not liable for its use of the method prior to" the effective date of the Final Rule. *Id.* Consequently, the Court dismissed Plaintiff Dana's claims because his employment with RadioShack ended before May 5, 2011, and limited Plaintiff Sisson's claims to May 5, 2011

through the present. *Id.* Because Dana's claims were dismissed, and Sisson's claims were limited in time, the Court denied Plaintiffs' Motion for Conditional Certification as moot. Doc. No. 34.

Plaintiff Sisson filed another Motion for Conditional Certification on March 12 (Doc. No. 35), and filed a Motion for an Order Scheduling a Status Conference on March 20 (Doc. No. 40). RadioShack's response to the First Amended Complaint was filed on March 25 (Doc. No. 43).

### III. INTERLOCUTORY APPEAL SHOULD BE GRANTED

#### A. The Standard for Certification Under 28 U.S.C. § 1292(b)

Generally, a circuit court only has appellate jurisdiction over a district court's final judgment. 28 U.S.C. § 1291; *Catlin v. United States*, 324 U.S. 229, 233 (1945). However, the orderly administration of justice is frustrated when, as here, "parties are forced to grind forward to final judgment before they can challenge the correctness of some isolated, but determinative, question of law." *West Tennessee Chapter of Associated Builders and Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1018 (W.D. Tenn. 2000) (citing *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 29 F. Supp. 2d 825, 831 (N.D.Ohio 1998)). Section 1292(b) of Title 28 of the United States Code confers upon district courts the authority to certify issues for appeal while a matter is pending in that court. It states, in pertinent part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.... That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

To certify a question for interlocutory appeal, a district court must find: "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) immediate appeal would materially advance the ultimate termination of the litigation." *Vitols v. Citizens Banking*

3

*Co.*, 984 F.2d 168, 170 (6th Cir.1993). If exceptional circumstances exist, or irreparable harm is imminent, interlocutory appeal is appropriate. *United States v. Bilsky*, 664 F.2d 613, 619 (6th Cir.1981). Section 1292(b) should also be used to avoid protracted and expensive litigation. *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974).

Once an issue is certified for appeal, "appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular questions formulated by the district court." *Yamaha Motor Corp., v. Calhoun*, 516 U.S. 199, 205 (1996) (emphasis original).

### B. Application of the DOL Final Rule to the FWW Plan is a Controlling Issue of Law.

A matter of law is "controlling" if its resolution would materially affect the litigation's outcome. *Rafoth v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 n.8 (6th Cir.1992). Viewed another way, if reversal by the court of appeals would terminate the action, the question is "controlling." *Klinghoffer v. Achille Lauro*, 931 F.2d 21, 24 (2d Cir. 1990). "In addition, an issue may be considered controlling if its resolution has precedential value, if it is central to liability, or if it would save the Court and the litigants substantial time and resources." *West Tennessee*, 138 F.Supp.2d at 1018-019 (citations omitted).

Application of the DOL Final Rule to the payment of performance-based bonuses like those alleged in Plaintiffs' FAC is a controlling issue of law. It involves the interpretation of regulations, and involves no disputed issues of fact. If final judgment were entered in Plaintiffs' favor, it would be subject to reversal if the Sixth Circuit found that RadioShack's performance-based bonuses were not inconsistent with the fluctuating workweek plan. If the Sixth Circuit upheld RadioShack's FWW Plan, the (assumed) final judgment would be vacated and the case remanded.

Circuit-level resolution of this matter would have significant precedential value. This issue affects litigants nationwide. During the proposed claim period RadioShack has compensated thousands of store managers pursuant to its FWW Plan. No doubt many other employers utilize similar compensation plans. Resolving this issue would therefore provide guidance to employers attempting to ensure their compensation plans comply with applicable DOL regulations.

Whether performance based bonuses are consistent with FWW compensation plans is central to RadioShack's liability in this case. In fact, it is Plaintiffs' only claim for damages. Their claim for unpaid overtime is based solely on RadioShack's alleged violation of 29 C.F.R. section 778.114. (FAC ¶ 2.) The Court made this clear in its March 11 Order by dismissing all claims, including those based on state law, for periods prior to the May 5, 2011, effective date of the Final Rule. The Court held that because RadioShack's FWW Plan complied with the regulation as interpreted by the DOL prior to the Final Rule, Plaintiffs' claims must be dismissed. The logical extension is that if the Final Rule did not change the FWW standard, then all of Plaintiffs' claims must be dismissed.

Finally, resolution of this singular issue would save the Court and the litigants significant time and resources. If the Sixth Circuit finds that RadioShack's FWW Plan complies with the applicable regulations, Plaintiffs' claims will be dismissed in their entirety avoiding costly and time consuming class action litigation. If, in contrast, the case continues, and a final judgment is entered in Plaintiffs' favor only to be vacated on appeal, the parties and the Court will have spent substantial resources to reach the same exact point: dismissal of Plaintiff's claims.

Application of the DOL Final Rule to RadioShack's FWW Plan is a controlling question of law, that will materially affect the litigation's outcome, would have precedential value, is central to RadioShack's liability, and would save the Court and the litigants substantial time and resources.

### C. Substantial Grounds for Difference of Opinion Exist Regarding the Application of the DOL's Final Rule

A "difference of opinion" is established if "the issue is difficult and of first impression," or "the circuits are split on the issue." *Gaylord Entm't Co. v. Gilmore Entm't Group*, 187 F. Supp. 2d 926, 956 (M.D. Tenn. 2002).

### 1. **Application of the DOL's Final Rule is difficult**

The Final Rule is confusing, and applying it to RadioShack's FWW Plan is difficult.

#### a. The Court misapplied the Final Rule

The Court determined that RadioShack's compensation plan was compliant with the applicable regulations prior to issuance of the Final Rule. Order at 11; *see also, Perez v. RadioShack Corp.*, 2005 WL 3750320, at *2-8 (N.D.Ill. Dec. 14, 2005);[2] *Inniss v. Tandy Corp.*, 7 P.3d 807 (Wash. 2000) (upholding RadioShack's compensation plan as consistent with Washington State law that followed FLSA FWW regulation). Similar compensation plans offering performance-based bonuses or commissions in conjunction with a fixed weekly salary were also found to be compliant prior to the Final Rule. *Lance v. The Scotts Co.*, 2005 WL 1785315, *6-7 (N.D. Ill. 2005); *Brown v. Nipper Auto Parts and Supplies, Inc.*, 2009 WL 1437836, *6 n.6 (W.D. Va. 2009); *Kanatzer v. Dolgencorp, Inc.*, 2010 WL 2720788,*6-7 (E.D. Mo. 2010); *Daniels v. Michiana Metronet, Inc.*, 2010 WL 1781017, *7 (N.D. Ind. 2010).

Even though the DOL issued a so-called Final Rule, nothing in the regulation changed. As the Court recognized in its Order, *Overnight Transportation Co. v. Missel*, 316 U.S. 572 (1942), formed the basis of Section 778.114, and prior to the Final Rule the DOL "held that the payment of bonuses and premiums did not invalidate the FWW method." Order at p.9. In July 2008, the DOL published a Notice of Proposed Rulemaking seeking to amend Section 778.114. Notice of Proposed Rulemaking, 73 Fed. Reg. 43654 (July 28, 2008). The Final Rule was nearly 30 pages long, and included discussion of, and actual *changes* to, several DOL regulations. *See, e.g.*, DOL Final Rule, 76 Fed. Reg. 18833 (April 5, 2011). The Final Rule, however, expressly rejected any proposed change to the FWW Regulation. DOL Final Rule, 76 Fed. Reg. 18850 (April 5, 2011) ("Accordingly, the final rule has been modified from the proposal to *restore the current rule*…") (emphasis added). Consequently, the regulation based on U.S. Supreme Court precedent, which

---

[2] Exhibit A, filed concurrently with this Motion and Memorandum of Point and Authorities, contains copies of all unpublished opinions cited in this brief.

6

the DOL previously recognized as allowing the payment of performance-based bonuses, remains in effect today.  Because Section 778.114 is unchanged, there is no reason to treat RadioShack's FWW Plan differently before and after the Final Rule.

Moreover, the interpretations and statements made in the Final Rule are not entitled to deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-44 (1984).  *Christensen v. Harris County*, 529 U.S. 576, 587 (2000) ("interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant *Chevron*-style deference"); *see also Martin v. Occupational Safety and Health Review Comm'n*, 499 U.S. 144 157 (1991) (interpretive rules and enforcement guidelines are "not entitled to the same deference" as notice-and-comment rulemaking).  At most, the comments in the Final Rule are entitled to some respect, but only to the extent the opinions "have the power to persuade."  *Id.* (*citing Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).  By applying *Chevron*-style deference to the DOL's *comments* in the Final Rule, the Court gave the DOL's interpretation deference to which it was not entitled.

        b.    <u>If the DOL Final Rule changed the application of the FWW regulation, it is invalid.</u>

As detailed above, the Final Rule made no change to Section 778.114.  Indeed, it rejected proposed changes.  *See* DOL Final Rule, 76 Fed. Reg. 18850 (April 5, 2011).  If the DOL wished to amend or change the existing FWW regulation, it could only do so through a notice-and-comment procedure.  5 U.S.C. § 553; *State of Ohio Dept. of Human Services v. U.S. Dept. of Health & Human Services, Health Care Financing Admin.*, 862 F.2d 1228, 1233 (6th Cir. 1988).  The DOL recognized as much by issuing a Notice of Proposed Rulemaking.  *See* Notice of Proposed Rulemaking, 73 Fed. Reg. 43654 (July 28, 2008).   The Final Rule, however, maintained the status quo, and expressly rejected a proposed change.  Any comments in the Final Rule, therefore, are either interpretations not entitled to deference, discussed *supra*, or a new rule or application promulgated without the required notice-and-comment procedures.  An "agency's failure to comply with the rulemaking requirements of the Administrative Procedures Act" invalidates the regulation.  *State of Ohio Dept. of Human Services*, 862 F.2d at 1237.  By failing to

follow the proper notice-and-comment procedure before applying what this Court has found to be a new *interpretation* of the FWW regulation, the DOL issued an invalid regulation. Beyond not being entitled to *Chevon*-style deference, the new *interpretation* changes the FWW regulation and therefore lacks any force or effect.

Because the Final Rule results in a change to the regulation, not only was it made without the proper notice-and-comment procedures, it directly conflicts with existing case law regarding FWW compensation plans, and the Supreme Court's opinion in *Overnight Transportation Co. v. Missel*. *See, e.g., Perez*, 2005 WL 3750320, at *2-8; *see also Inniss,* 7 P.3d 807; *Brown,* 2009 WL 1437836, *6 n.6. Such a drastic change in the landscape of FWW jurisprudence would necessarily need to be made through proper promulgation procedures.

### 2. Application of the Final Rule is a matter of first impression.

The Sixth Circuit recognizes FWW compensation plans generally (*see Highlander v. K.F.C. Nat. Management Co.*, 805 F.2d 644, 647 (6th Cir. 1986)), but has not addressed the application of performance based bonuses to FWW plans. More importantly for this action, the Sixth Circuit has not addressed the issue since the DOL issued its Final Rule on May 5, 2011. No circuit court, as a matter of fact, has addressed how the Final Rule changes, if at all, the application of performance based bonuses and commissions to FWW plans. The Sixth Circuit should weigh in on this important issue, and provide guidance to the district courts.

### 3. Courts are divided on how to apply the Final Rule to FWW plans

The Court's Order creates a conflict with other district courts which have decided the application of performance-based bonuses to FWW compensation plans since the Final Rule. *See Switzer v. Wachovia Corp.*, No. H-11-1604, 2012 WL 3685978, *3 (S.D. Texas, Aug. 24, 2012) (holding performance-based bonuses comply with FWW regulation, and acknowledging the regulatory language itself "does not preclude bonus payments that are not based on the number of hours the employee worked"); *Soderberg v. Naturescape, Inc.*, No. 10-3429, 2011 U.S. Dist. Lexis 156235, at p. 8-11 (D. Minn. Nov. 3, 2011) (performance-based bonuses are appropriate under FWW regulation); *Crumpton v. Sunset Club Properties, LLC*, No. 2:09-cv-680, 2011 WL 3269434, *4-5 (Aug. 1, 2011, M.D. Fl.) (approving inclusion of commissions a part of FWW

8

plan); *see also Smith v. Frac Tech Servs, LLC*, No. 4:09cv00679, 2011 U.S. Dist. Lexis 64079, p.1-4 (E.D. Ark June 15, 2011) (dismissing DOL interpretation of *Missel*, 316 U.S. 572, in Final Rule and noting general acceptance by courts of performance-based bonuses as consistent with FWW regulation). In light of the inherent conflict between these cases, issued after the effective date of the Final Rule, and the Court's Order, circuit-level clarification is appropriate. *See Rafoth*, 954 F.2d at 1172 (differences of opinion between judicial circuits is substantial grounds for a difference of opinion).

### D. Appellate Review of the Order Would Materially Advance the Litigation

Interlocutory appeal is most appropriate early in proceedings, when it can significantly reduce the burden of litigation. *Iron Workers*, 29 F. Supp. 2d at 833, 835. This litigation is in the very early stages. Defendant has just recently answered the FAC, no discovery has been conducted, and Plaintiffs' Motion for Conditional Certification has not been fully briefed. This is the most efficient and practical point in the litigation—before the parties expend the significant amounts of time and resources necessary to litigate a wage and hour class action—to certify this issue for interlocutory appeal. Doing so will "potentially save substantial judicial resources and litigant expense." *West Tennessee*, 138 F. Supp. 2d at 1026. And, as discussed above, a Sixth Circuit ruling approving RadioShack's FWW Plan would obviate the need for trial altogether.

### E. Exceptional Circumstances Justify Interlocutory Appeal in This Case

Interlocutory appeals avoid expensive and protracted litigation, and are used in exceptional circumstances. *Cardwell*, 504 F.2d at 446. Based on Plaintiffs' allegations in the FAC, and the Order, RadioShack's liability is tied directly to the Court's application of the Final Rule to RadioShack's FWW Plan. If the Final Rule changed Section 778.114, RadioShack is potentially liable for back overtime pay to many of its store managers. If, however, the Final Rule did not change the FWW regulation, RadioShack's Plan is compliant and Plaintiffs' claims must be dismissed. This single, determinative legal issue should be decided by the Court of Appeals at this early stage, before the parties and the Court expend their resources on potentially unnecessary, expensive and time consuming litigation.

## IV. THE CASE SHOULD BE STAYED PENDING APPEAL

Because of the dispositive nature of the issue RadioShack seeks to appeal, the Court should stay the proceedings pending the circuit court's decision on appeal.  When deciding whether to stay a case pending interlocutory appeal, courts consider the same factors as a motion for preliminary injunction: (1) likelihood of success on appeal; (2) likelihood of irreparable harm to the moving party absent a stay; (3) potential harm to others if stay is granted; and (4) the public interest in granting stay.  *Mich. Coalition v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

Because this case is in the early stages of litigation, RadioShack need only show serious questions going to the merits of the Court's decision to show a likelihood of success on appeal.  *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).  RadioShack presents several questions about the propriety of the Final Rule, its validity and the impact on the FWW regulation.  RadioShack also recognizes the difficult of the legal questions presented in light of the lack of clarity in the Final Rule, and cites multiple cases issued since the effective date of the Final Rule holding performance-based bonuses to be compatible with a FWW compensation plan.  Moreover, the showing of likelihood of success on the merits necessary is inversely proportional to the strength of other factors favoring the grant of a stay.  *See Ohio ex rel. Celebrezze v. Nuclear Reg. Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987); *West Tennessee*, 138 F. Supp. 2d at 1027 (citing same).

Both RadioShack and Plaintiffs will be irreparably and undeniably harmed absent the grant of a stay of this action pending appeal.  If the Sixth Circuit overturns the Order, the remainder of Plaintiffs' claims will be dismissed.  But should the case proceed pending appeal, RadioShack will be forced to respond to Plaintiff's Motion for Conditional Certification, and both sides will be forced to engage in discovery, further motion practice, and generally prepare this case for trial.  All of those resources will have been wasted should the Sixth Circuit vacate the Order.  Moreover, if Plaintiff's Motion for Conditional Certification is granted, notice will be sent to putative class members.  If the Order is reversed on appeal, RadioShack's current and former employees will have been notified of a putative class without any claims.

Plaintiffs will not be prejudiced by staying this action pending appeal. Just as it did during the pendency of the Court's ruling on the Motion to Dismiss, RadioShack will stipulate to toll the limitations period for putative class members pending resolution of the appeal. This will maintain the status quo of all putative class member claims, and remove any potential prejudice to Plaintiff or the putative class.

Staying this action pending resolution of this important legal issue also benefits the public interest. RadioShack is no doubt one of many employers utilizing FWW compensation plans that include performance-based compensation. If this action proceeds, and putative class members are notified, it will likely trigger copycat suits against RadioShack and other similarly-situated employers nationwide. Any such potential actions will be moot or significantly impacted by a circuit-level decision on this issue at this time. Granting RadioShack's motion to stay is in the public interest.

## V. CONCLUSION

For all the reasons stated above, RadioShack's Motion to Certify the Order for Interlocutory Appeal and Stay the Action Pending Appellate Review should be granted.

DATED:  March 27, 2013                    Respectfully submitted,

By: s/       James S. McNeill
James S. McNeill
*Admitted Pro Hac Vice*
jmcneill@mckennalong.com
McKENNA LONG & ALDRIDGE LLP
4435 Eastgate Mall, Suite 400
San Diego, California  92121
Tel: (619) 595-5400
Fax: (619) 595-5450
         And
Thomas H. Barnard (0001569)
thomas.barnard@ogletreedeakins.com
Ogletree, Deakings, Nash, Smoak & Stewart, P.C.
127 Public Square
4130 Key Tower
Cleveland, OH  44114
Tel: (216) 241-6100
Fax: (216) 357-4733
Counsel for Defendant
RadioShack Corporation

# CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2013, a copy of the foregoing **DEFENDANT RADIOSHACK CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND STAY THIS ACTION PENDING APPELLATE REVIEW** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

    s/      James S. McNeill
James S. McNeill
*Admitted Pro Hac Vice*
jmcneill@mckennalong.com
McKENNA LONG & ALDRIDGE LLP
4435 Eastgate Mall, Suite 400
San Diego, California  92121
Tel: (619) 595-5400
Fax: (619) 595-5450

US_WEST 803703616.1