UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL SISSON, ET AL.,** | ) | **CASE NO.1:12CV958** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **RADIOSHACK CORP.,** | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Radioshack Corp.'s Motion to Certify Order for Interlocutory Appeal and Stay this Action Pending Appellate Review (ECF # 45). For the following reasons, the Court grants Defendant's Motion and Stays the case.

The Court restates the background allegations as found in its Order on Defendant's Motion to Dismiss (ECF # 33).

> Plaintiffs' First Amended Complaint alleges that Defendant violated the Fair Labor Standards Act ("FLSA") and similar state statutes in Ohio and New York by failing to pay store managers time and a half for overtime hours. Plaintiffs are Radioshack store managers who were paid according to Defendant's "Non-exempt Store Manager Compensation Plan" for "Non-California Stores." According to Plaintiffs, Radioshack compensates its store managers via the Fluctuating Work Week (FWW) method. While the FWW method of calculating overtime pay is permitted under the FLSA, Plaintiffs contend Defendants payment of quarterly and year end bonuses is not

permitted under the FWW method because these bonus payments necessarily mean Plaintiffs were not paid a fixed weekly salary as required under the FWW. Plaintiffs contend that based on Department of Labor ("DOL") rules, this method of paying bonuses is not compatible with the FWW method.

According to Defendant, under its FWW method, store managers are paid a fixed weekly salary regardless of hours worked. Store managers also receive overtime compensation at a rate of 50% of their regular weekly pay rate for hours worked over 40 hours in a given week and performance bonuses depending on the success of each individual store. Defendant argues the FWW method is expressly allowed under the Code of Federal Regulations and non-discretionary bonus payments do not negate its use. The case presents a novel issue of law regarding the changing application of the Fluctuating Work Week ("FWW") method for calculating overtime pay codified by the Department of Labor ("DOL") in 29 C.F.R. §778.114. Under its Final Rule of April 5, 2011, the DOL appeared to do an about-face from its prior holding and determined that performance bonuses incorporated into a FWW calculation are incompatible with the FWW method.

Upon review, the Court agreed with Plaintiffs that the DOL's Final Rule signaled a change by disallowing use of the FWW method when incorporating non-overtime premium bonuses. Based on the DOL's Final Rule, the Court held:

> the FWW method used by Defendant is incompatible with bonus payments. However, since the DOL held otherwise prior to its Final Rule of April 5, 2011, Defendant is not liable for its use of the method prior to May 5, 2011 (the effective date of the Final Ruling). Therefore, Plaintiffs are not entitled to seek recovery for any alleged lost overtime prior to this date.

(ECF # 33).

Defendant now moves the Court to stay the above action and allow an interlocutory appeal because the issue presented is novel and has not been reviewed by the Sixth Circuit. If the Court's ruling is upheld, the cost to Defendant will be significant. Prior to the Court's interpretation, Defendant's method of computing overtime complied with the DOL Rule and Defendant contends it still complies with the Rule. Plaintiffs' and the Court's interpretation, if upheld, will require a significant alteration of Defendant's employee compensation

methodology.

28 U.S.C. §1292(b) allows for interlocutory appeals of Court of non-final court orders as follows:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Because the case appears to be an issue of first impression, given the relative newness of the Final Rule, and given the potential expense to Defendant, it contends it should be permitted to take the matter up on appeal.  Defendant further contends it is a matter of controlling law with significant precedential value and presents no disputed issue of fact and is a matter subject to strong differences of opinion whether the Plaintiffs' and Court's interpretation should be applied.  Defendant also argues the DOL interpretation is not entitled to *Chevron* deference.

Plaintiffs contend the Court should not stay the proceedings because there is no conflicting case law on the application of the Final Rule, the DOL's interpretation is entitled to *Chevron* deference since it is a Final Rule and was issued after notice and comment and Plaintiffs would experience prejudice if forced to wait for a decision by the Sixth Circuit. Although Defendant has agreed to toll the limitations period for opt-ins during the pendency of the appeal, potential class members may move, change phone numbers and would be

harder to locate; furthermore, enthusiasm for the action would wane.

The Sixth Circuit has held that a petitioner must show the following when seeking an interlocutory appeal: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." *Vitols v. Citizens Banking Co.* 984 F.2d 168, 170 (6th Cir. 1993) citing *Cardwell v. Chesapeake & Ohio Ry. Company*, 504 F.2d 444, 446 (6th Cir.1974).

The Sixth Circuit has cautioned, however, that "review under § 1292(b) should be sparingly granted and then only in exceptional cases." *Id.*

Looking at the above factors, the Court holds the issue to be a novel point of law and the Court's determination, that the DOL's new interpretation disallows Defendant's previously permissible overtime calculation, is largely dispositive of the claim and therefore, controlling. The Court further holds that there is significant room for differing opinions based on the Court's own struggles with this issue and with the deference to be afforded the DOL's Final Rule. Courts upheld the FWW method prior to the DOL's reinterpretation and neither the parties nor the Court were able to discover caselaw that considered the issue after the new Rule. This purely legal issue will ultimately be dispositive. If the FWW method is permitted, Plaintiffs' claims must be dismissed. If not, Plaintiffs would be entitled to additional overtime pay.

Therefore, for the foregoing reasons, the Court finds the *Vitols* factors militate in favor of granting an interlocutory appeal. Therefore, the Court grants Defendant's Motion to

Certify an Order for Interlocutory Appeal finding there is no just reason for delay. The above action is stayed pending review by the Sixth Circuit Court of Appeals. The Court notes for the record that it grants Defendant's Motion on the Condition that the limitations period to opt-in is tolled during the pendency of the appeal as agreed to by Defendant. The case will be removed from the active docket until the Sixth Circuit rules on the appeal.

    IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            United States District Judge

Dated: August 9, 2013